1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN L. HORVATH, dba HW ASSOC., <br><br>                     Plaintiff, <br><br> vs. <br><br> ANTHONY TONEY, dba UPTOP GROUP LLC; CAVA CUP SOCCER TOURNAMENT; AMERICAS BASKETBAL INTERNATIONAL; and dba ABI SLAM FOUNDATION, <br><br>                     Defendants. | **CASE NO: 11-CV-1880-IEG (BLM)** <br><br> **ORDER:** <br><br> **(1) GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*,** <br><br> **(2) DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILING TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii), and** <br><br> **(3) DENYING MOTION TO APPOINT COUNSEL** <br><br> [Doc. Nos. 2 & 3] |

Plaintiff Helen L. Horvath, proceeding *pro se*, has filed a complaint asserting claims stemming from an alleged breach of contract.  [Doc. No. 1.]  Horvath has not paid the $350 civil filing fee required to commence this action, but has filed a motion to proceed *in forma pauperis* and a motion to appoint counsel.  [Doc. Nos. 2 & 3.]  For the reasons stated below, the Court (1) **GRANTS** Plaintiff's motion to proceed IFP, (2) **DISMISSES** Plaintiff's Action **WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and (3) **DENIES** Plaintiff's request for appointment of counsel.

///

I.      **Motion to Proceed *In Forma Pauperis***

Parties instituting any civil action in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $350.  *See* 28 U.S.C. § 1914(a).  An action may proceed despite a plaintiff's failure to prepay the entire fee only if the plaintiff is granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).  *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).  This Court finds that Plaintiff's affidavit of assets is sufficient to show that she is unable to pay the fees or post securities required to maintain this action.  *See* CivLR 3.2(d).  Plaintiff is currently employed, but lists no significant assets and receives government assistance.  Furthermore, her loan debt and other monthly bills exceed her income.  Thus, the Court **GRANTS** Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a).

II.     **Sua Sponte Screening per 28 U.S.C. § 1915(e)(2)(B)(ii)**

Any complaint filed pursuant to the IFP provisions of 28 U.S.C. § 1915(a) is subject to a mandatory and *sua sponte* review by the Court.  The Court must dismiss any complaint it finds is "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief."  28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners.").  Prior to its amendment by the Prison Litigation Reform Act, the former 28 U.S.C. § 1915(d) permitted sua sponte dismissal of only frivolous and malicious claims.  *Id.* at 1130.  The newly enacted 28 U.S.C. § 1915(e)(2), however, mandates that the court reviewing a complaint filed pursuant to the IFP provisions of section 1915 make and rule on its own motion to dismiss before directing that the complaint be served by the U.S. Marshal pursuant to Federal Rule of Civil Procedure 4(c)(2).  *Lopez*, 203 F.3d 1127 ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim."); *see also Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) ("The language of § 1915(e)(2)(B)(ii) parallels the language of Federal Rule of Civil Procedure 12(b)(6).").

Additionally, Federal courts are courts of limited jurisdiction and cannot hear every dispute presented by litigants.  *Stock West, Inc. v. Confederated Tribes of the Colville Reservation,* 873 F.2d 1221, 1225 (9th Cir. 1989).  Federal courts may only adjudicate cases which the Constitution or

Congress authorize them to adjudicate: (1) those cases involving diversity of citizenship (where all plaintiffs are from different states from all defendants and the amount in controversy is at least $75,000), *see* 28 U.S.C. § 1332; (2) those cases raising a federal question, *see* 28 U.S.C. § 1331; or (3) those cases to which the United States is a party, *see, e.g.*, 28 U.S.C. § 1346.  Federal courts are presumptively without jurisdiction over civil cases and the burden of establishing the contrary rests upon the party asserting jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

Here, it is unclear what causes of action Plaintiff intends to present to the Court and what facts support those causes of action.  Plaintiff appears to assert three claims in her complaint: (1) failure to pay, (2) breach of contract, and (3) "potential wire fraud (RICO)," but the Civil Cover Sheet she filed also lists claims under Title VII of the Civil Rights Act of 1964, the Interstate Commerce Act, and the Federal Labor Standards Act.  Plaintiff essentially alleges that she entered into a contract to provide consulting services to Defendants, and that Defendants failed to compensate her as the agreement required.  Those allegations are insufficient to support any of federal claims listed in her complaint or on the accompanying civil cover sheet.  Accordingly, the Court **DISMISSES** Plaintiff's federal claims with **LEAVE TO AMEND**.

Furthermore, while Plaintiff's allegations may be sufficient to support her state law claim for breach of contract, nothing in the complaint suggests the Court has jurisdiction to adjudicate that claim.  In her complaint, Plaintiff asserts federal question jurisdiction.  Because, however, Plaintiff has failed to state a federal claim, the Court does not have federal question jurisdiction over this action. *See* 28 U.S.C. § 1331.  Plaintiff's complaint alleges damages exceeding $75,000, but she makes no allegations regarding the citizenship of the parties.  Plaintiff has not demonstrated the parties are completely diverse; thus, the Court does not have jurisdiction over Plaintiff's breach of contract claim. *See* 28 U.S.C. § 1331.  Plaintiff's state-law claim for breach of contract must therefore be dismissed for lack of subject-matter jurisdiction.

Because Plaintiff has failed to state a claim upon which relief can be granted, Plaintiff's complaint is **DISMISSED WITH LEAVE TO AMEND** pursuant to 28 U.S.C. § 1919(e)(2)(B)(ii). *See Calhoun*, 254 F.3d at 845; *Lopez*, 203 F.3d at 1127.

///

### III.  Plaintiff's Request for Appointment of Counsel Under 42 U.S.C. § 2000e-5(f)(1)

Plaintiff requests that the Court appoint counsel under 42 U.S.C. § 2000e-5(f)(1).  Because the Court has dismissed this action, Plaintiff's request is **DENIED** as moot

The Court notes, however, that 42 U.S.C. § 2000e-5(f)(1) authorizes a district court to appoint counsel "[u]pon application by the complainant and in such circumstances as the court may deem just." *See also Johnson v. U.S. Dep't of Treasury*, 939 F.2d 820, 824 (9th Cir. 1991) (noting that whether to appoint counsel falls within the discretion of the district court).  In deciding whether to appoint counsel, the Court must consider: (1) the plaintiff's financial resources, (2) the plaintiff's efforts to secure counsel, and (3) whether the plaintiff's claim lacks merit.  *See Bradshaw v. Zoological Soc'y of San Diego*, 662 F.2d 1301, 1318 (9th Cir. 1981).

Here, Plaintiff satisfies the first factor but fails to satisfy the second and third factors. Regarding the first factor, the Court considered Plaintiff's financial circumstances in granting IFP status.  Regarding the third factor, as discussed above, Plaintiff failed to state a claim under Title VII. Finally, regarding the second factor, Plaintiff discussed her case with just one attorney, who demanded a $5,000 deposit that Plaintiff was unable to pay.  Plaintiff does not appear to have investigated the possibility of retaining counsel on a contingency basis or from volunteer lawyer programs.

Regarding Plaintiff's other claims, the Constitution provides no right to appointment of counsel in a civil case unless an indigent litigant may lose his physical liberty if he loses the litigation.  *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981).  Under 28 U.S.C. § 1915(e)(1), however, district courts have discretion to appoint counsel for indigent persons under "exceptional circumstances." *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009).  A finding of exceptional circumstances requires an evaluation of both the "likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.  Neither of these considerations is dispositive and instead must be viewed together."  *Id.* (internal quotation marks and citations omitted).  As currently pleaded, Plaintiff's claims are not meritorious and they do they raise particularly complex legal issues.

///

///

## CONCLUSION

For the reasons set forth above, the Court Orders as follows:

(1)  Plaintiff's motion to proceed *in forma pauperis* is **GRANTED**.  [Doc. No. 2.]

(2)  Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).  If Plaintiff still wishes to continue to proceed with this matter she must, within thirty (30) days: (1) SUBMIT AN AMENDED COMPLAINT WHICH ADDRESSES ALL THE DEFICIENCIES OF PLEADING SET FORTH ABOVE; AND (2) ATTACH A COPY OF THIS ORDER.  If Plaintiff's Amended Complaint still fails to state a claim upon which relief can be granted, it will be dismissed without further leave to amend.  *See McHenry v. Renne*, 84 F.3d 1172, 1177-79 (9th Cir. 1996) (holding that court may dismiss action pursuant to Fed. R. Civ. P. 41(b) if Plaintiff fails to comply with previous court order regarding amendment).  [Doc. No. 1.]

(3) Plaintiff's request for appointment of counsel is **DENIED AS MOOT**.  [Doc. No. 3.]

**IT IS SO ORDERED.**

**DATED:** 8/27/11

IRMA E. GONZALEZ, Chief Judge
**United States District Court**

5