# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN L. HORVATH, dba HW ASSOC., <br><br> Plaintiff, <br><br> vs. <br><br> ANTHONY TONEY, dba UPTOP GROUP LLC, CAVA CUP SOCCER TOURNAMENT, AMERICAS BASKETBALL INTERNATIONAL, and dba ABI SLAM FOUNDATION, <br><br> Defendants. | CASE NO. 11-cv-1880 – IEG (BLM) <br><br> ORDER: <br><br> (1) SCREENING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2); and <br><br> (2) DIRECTING U.S. MARSHAL SERVICE PURSUANT TO 28 U.S.C. § 1915(d) and Fed. R. Civ. P. 4(c)(3). |

On August 19, 2011, Plaintiff Helen L. Horvath, proceeding *pro se*, filed a complaint asserting claims stemming from an alleged breach of contract by Defendant Anthony Toney. [Doc. No. 1.] Plaintiff sought leave to proceed *in forma pauperis* ("IFP") and appointment of counsel. [Doc. Nos. 2 & 3.] On August 29, 2011, the Court granted Plaintiff IFP status, but *sua sponte* dismissed the complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). [Doc. No. 4.] The Court also denied as moot Plaintiff's motion for appointment of counsel. [*Id.*] On October 5, 2011, Plaintiff filed her First Amended Complaint ("FAC"). [Doc. No. 6.] The Court now proceeds to *sua sponte* screen the FAC as required by 28 U.S.C. § 1915(e)(2)(B).

///

# DISCUSSION

## I.   *Sua sponte* screening

Pursuant to 28 U.S.C. § 1915(e)(2)(B), notwithstanding any filing fee, the Court must dismiss any complaint if at any time the Court determines that it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." The *sua sponte* screening is mandatory. *See Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) ("It is . . . clear that section 1915(e) not only permits but requires a district court to dismiss an in forma pauperis complaint that fails to state a claim."); *see also Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (per curiam) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners." (citation omitted)).

In *sua sponte* dismissing Plaintiff's original complaint, the Court concluded that the allegations were insufficient to support any of the federal claims listed in the complaint or to establish subject matter jurisdiction based on diversity of citizenship. The Court, however, gave Plaintiff leave to amend her complaint to cure the deficiencies. In her FAC, Plaintiff alleges that she resides in California and that Defendant resides in Alabama. (FAC at 2.) She further alleges that Defendant's breach of contract injured her in the amount of $211,415.15. (*Id.* at 8.) Having reviewed these and other allegations in the FAC, the Court is satisfied that the FAC adequately alleges subject matter jurisdiction based on diversity of citizenship. *See* 28 U.S.C. § 1332(a); *see also Matheson v. Progressive Specialty Inc. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003) (per curiam) ("Jurisdiction founded on 28 U.S.C. § 1332 requires that the parties be in complete diversity and the amount in controversy exceed $75,000.").

## II.   U.S. Marshal service

Because the Court granted Plaintiff IFP status, Plaintiff is entitled to U.S. Marshal service on her behalf. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [*in forma pauperis*] cases."); *see also* Fed. R. Civ. P. 4(c)(3). Plaintiff is cautioned, however, that "the sua sponte screening and dismissal procedure is cumulative of, not a substitute for, any subsequent Rule 12(b)(6) motion that the defendant may choose to bring." *Teahan v. Wilhelm*, 481 F. Supp. 2d 1115, 1119 (S.D. Cal. 2007).

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Plaintiff's Motion for Fee Waiver for Service of Summons by U.S. Marshal, [Doc. No. 10], and **ORDERS** as follows:

(1) The Clerk of Court shall issue summons as to Plaintiff's First Amended Complaint [Doc. No. 6], as corrected on October 26, 2011, [Doc. No. 12], upon Defendants and shall forward it to Plaintiff along with a blank U.S. Marshal Form 285. In addition, the Clerk shall provide Plaintiff with a certified copy of this Order and a certified copy of her First Amended Complaint and the summons for purposes of serving Defendants. Upon receipt of this "IFP Package," Plaintiff is directed to complete the Form 285 as completely and accurately as possible, and to return it to the U.S. Marshal according to the instructions provided by the Clerk in the letter accompanying her IFP Package. Thereafter, the U.S. Marshal shall serve a copy of the First Amended Complaint and summons upon Defendants as directed by Plaintiff on the Form 285s. All costs of service shall be advanced by the United States.

(2) Defendants are thereafter ORDERED to reply to Plaintiff's First Amended Complaint within the applicable time under Federal Rule of Civil Procedure 12(a).

(3) Plaintiff shall serve upon Defendants or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading or other document submitted for consideration of the Court. Plaintiff shall include with the original paper to be filed with the Clerk of the Court a certificate stating the manner in which a true and correct copy of any document was served on Defendants, or counsel for Defendants, and the date of service. Any paper received by the Court which has not been filed with the Clerk or which fails to include a Certificate of Service will be disregarded.

**IT IS SO ORDERED.**

Dated: **November 1, 2011**

_____
**IRMA E. GONZALEZ, Chief Judge**
**United States District Court**