UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HELEN L. HORVATH, dba HW ASSOC., <br><br> Plaintiff, <br> vs. <br><br> ANTHONY TONEY, dba UPTOP GROUP LLC, CAVA CUP SOCCER TOURNAMENT, AMERICAS BASKETBALL INTERNATIONAL, and dba ABI SLAM FOUNDATION, <br><br> Defendant. | CASE NO. 11-cv-1880 – IEG (BLM) <br><br> **ORDER DENYING DEFENDANT ANTHONY TONEY'S MOTION TO VACATE DEFAULT JUDGMENT** <br><br> [Doc. No. 34] |

Before the Court is *pro se* Defendant Anthony Toney's motion to vacate, on grounds of excusable neglect under Fed. R. Civ. P. 60(b)(1), the default judgment entered on April 24, 2012 in favor of *pro se* Plaintiff Helen Horvath. [*See* Doc. No. 34.]  For the reasons below, the Court hereby **DENIES** Defendant Toney's motion to vacate.

## BACKGROUND

Plaintiff commenced this action *pro se* on August 19, 2011, filing a single-paragraph complaint asserting claims stemming from Defendant Toney's alleged breach of a contract for organizing an international soccer tournament. [Doc. No. 1.]  After granting leave to proceed *in forma pauperis*, the Court *sua sponte* dismissed the complaint without prejudice for failure to allege subject matter jurisdiction. [Doc. No. 4.]  On October 5, 2011, Plaintiff filed a first amended complaint ("FAC"), which the Court *sua sponte* screened, found adequately alleged diversity jurisdiction, and ordered served. [Doc. No. 13.]

The docket reflects Plaintiff served each of the Defendants with the FAC at Anthony Toney's address of record, 3327 15th Court North, Birmingham, Alabama, 35234. [*See* Doc. Nos. 15-17.] Defendants failed to answer or otherwise respond within the time period set forth in the Federal Rules and the Clerk of the Court therefore entered default upon Plaintiff's request on January 20, 2012. [Doc. No. 19.]

Plaintiff first moved for entry of default judgment on February 8, 2012, certifying service to Defendant Toney at his address of record. [*See* Doc. No. 21 at 9.] Defendant Toney filed a response, implicitly acknowledging receipt via his address of record, on February 10, 2012. [*See* Doc. No. 22.] On February 15, 2012, the Court denied this first motion without prejudice for lack of sufficient evidence. [Doc. No. 23.] On February 23, 2012, Plaintiff filed a second motion for entry of default judgment with attached documentary evidence supporting her claims for relief and damages, and again certifying service to Defendant Toney's address of record. [Doc. No. 24] No opposition was filed, and the Court took the motion under submission. [*See* Doc. No. 25.] On April 24, 2012, the Court granted default judgment as to Plaintiff's breach of contract claim in the amount of $211,415.15 plus interest.[1] [Doc. No. 26.]

Over three months later, on August 8, 2012, Defendant Toney filed the present motion to vacate the default judgment. [*See* Doc. No. 34.] Because Defendant Toney failed to obtain a hearing date from chambers prior to filing, the Court issued an order on October 22, 2012 setting a briefing schedule and a hearing on December 3, 2012. [Doc. No. 35.] Plaintiff filed a motion "to set aside the hearing and request proof of identity" on November 1, 2012, and an opposition to Defendant Toney's motion to vacate on November 14, 2012. [Doc. Nos. 37, 42.] Defendant Toney filed a motion to continue the hearing, which the Court denied on November 27, 2012. [*See* Doc. No. 39]. On December 3, 2012, the Court heard oral argument from Plaintiff, appearing in person, and Defendant Toney, appearing telephonically. [Doc. No. 49.] During the hearing, Defendant Toney confirmed his address of record remains accurate. [*Id.*]

---

[1] The Court denied default judgment as to Plaintiff's claims under 18 U.S.C. § 1343 because the statute does not provide for private civil remedies, and as to Plaintiff's claims under 29 C.F.R. § 1604.11 for failure to allege a sufficient number of employees to bring her claims within the scope of the Title VII. [*Id.*]

**DISCUSSION**

"Motions to vacate a default judgment . . . are cognizable under Fed. R. Civ. P. 60(b)." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir. 2001). "Rule 60(b)(1) grants district courts discretion to relieve a party from a judgment or order for reason of 'mistake, inadvertence, surprise, or excusable neglect,' provided that the party moves for such relief not more than a year after the judgment was entered." *Id*. But a "mere general denial without facts to support it is not enough to justify vacating a default or default judgment." *Franchise Holding II, LLC v. Huntington Restaurants Group, Inc*., 375 F.3d 922, 926 (9th Cir. 2004).

Where, as here, "a defendant seeks relief under Rule 60(b)(1) based upon 'excusable neglect,' the court applies [] three factors . . . which courts consistently refer to as the '*Falk* factors:'

> (1) whether the plaintiff will be prejudiced, (2) whether the defendant has a meritorious defense, and (3) whether culpable conduct of the defendant led to the default.

*Brandt v. American Bankers Ins. Co. of Florida*, 653 F.3d 1108, 1111 (9th Cir. 2011) (citing *Falk v. Allen*, 739 F.2d 461, 463 (9th Cir. 1984)). "The defaulting party bears the burden of showing that the factors favor setting aside the default." *Lopez v. Whirlpool*, 2012 WL 5818266, at *1 (N.D. Cal. Nov. 15, 2012) (citing *Franchise Holding*, 375 F.3d at 926).

Defendant Toney makes no showing in regard to any of these factors; instead, he incredulously asserts that he never received notice of Plaintiff's motion for default judgment. [*See, e.g.*, Doc. No. 34 at 2 "Defendant was never given notice . . .".] But the docket clearly reflects that Plaintiff's motion was mailed to Defendant Toney's address of record. [Doc. No. 24 at 18.] Moreover, the docket is replete with certificates of service to the same address for filings to which Defendant Toney responded and thus that corroborate the accuracy and effectiveness of his address of record. [*See, e.g.*, Doc. Nos. 22, 34, 39] Further, during the December 3, 2012, hearing, Defendant Toney conceded the accuracy of that very address. [Doc. No. 49.] Yet, he provided no explanation whatsoever as to how or why mail sent to that address would not reach him. *See Dennison v. Ryan*, 2012 WL 4006710, at *2 (D. Ariz. Aug. 7, 2012) ("Because Defendant [] has not offered a credible, good faith explanation for her failure to respond," motion to vacate denied.). To the contrary, Defendant's own participation in this case, responding to

1 several pleadings, motions, and orders all mailed to the very same address as Plaintiff's motion for
2 default judgment, belies any defect in service to his address of record. *See RPA Intern. Pty Ltd. v.*
3 *Compact Intl Inc*., 2011 WL 4433627, at *8 (S.D. Cal. September 21, 2011) ("the actual notice of
4 this action and early participation in this case by Defendants . . . weighs against a finding of
5 excusable neglect."). Thus, because Defendant Toney makes no showing in favor of, and the
6 record plainly weighs against, vacating the default judgment entered in this case is unwarranted.

## CONCLUSION

For the reasons above, Defendant Toney's motion to vacate is **DENIED**.

**IT IS SO ORDERED.**

**DATED:** December 13, 2012

**IRMA E. GONZALEZ**
**United States District Judge**